THE SEASIDE REALTY COMPANY, PLAINTIFF IN ERROR, v. ATLANTIC CITY, DEFENDANT IN ERROR.

Argued January 10, 1908—Decided November 16, 1908.

On error to the Supreme Court.

For the plaintiff in error, *Thompson & Cole.*

For the defendant in error, *Harry Wootton.*

PER CURIAM.

The judgment of the Supreme Court is affirmed, for the reasons given in the opinion of Mr. Justice Reed in that court. 45 *Vroom* 178.

GARRISON, J. (dissenting.) I am unable to reach the conclusion that the object of the Supplementary act of 1903 (*Pamph. L., p.* 387), which is admittedly the sole authority for the municipal resolution under review, is expressed in the title of the act to which it is supplementary.

The object of the Supplementary act in question is to authorize the riparian commissioners to grant lands of the state under water to certain non-riparian owners, to wit, municipalities fronting on such waters. The title of the act to which such legislative object is supplemental is "An act to. ascertain the rights of the state and the riparian owners in the lands lying under the waters of the bay of New York and elsewhere in the state."

It is going a great way to hold that "to ascertain" means "to convey away," so that in this title the words "to ascertain the rights of the state and the riparian owners" expresses that the legislative object was to authorize a grant outright of lands under water by one of the parties named in the title, *i e.,* the state to the other party named therein, *i. e.,* riparian owners.

But, conceding that this is so, and assuming even further that the title were actually amended so that it read: "The object of this act is to authorize grants of the state's lands to riparian owners," I would still be unable to take the next step and say that such title expressed that the object of the act was to authorize such grants to be made to non-riparian owners—a class not mentioned in (and because not mentioned excluded from) such title.

Unless, however, this last step be taken the supplement of 1903 is entirely invalid, as not being within the object expressed in the title of the act to which it is a supplement.

Being unable to agree that "to ascertain the rights of the state and the riparian owners" is the equivalent of "to grant

the lands of the state to non-riparian owners," I am constrained to withhold my affirmance of the judgment of the court below, which rests fundamentally upon the proposition that these two are equivalent expressions which satisfy the constitutional requirement that the object of every act shall be expressed in its title.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, BOGERT, VROOM, GREEN, GRAY, DILL, J.J. 11.

*For reversal*—GARRISON, J. 1.